### FROM: The District Court of the 11th Judicial District. County of Flathead.

STATE OF MONTANA,
Plaintiff,                                          NO. DC 85-117
vs.                                                  DECISION
Matt Hawkins,
Defendant.

On November 14, 1996, it was the order of the Court that the defendant be committed to the Department of Corrections for a period of ten (10) years, for appropriate placement by that agency. The Court further orders that five (5) of the years previously imposed shall be suspended. It is further ordered that the defendant shall be deemed ineligible for parole until he has completed the Moral Reconation Treatment program and the Criminal Thinking Errors Program. Though not a limitation upon the defendant's consideration for parole, during the period of the defendant's supervision by the Department of Corrections he shall complete all phases of chemical dependency treatment offered by said Department, whether such treatment be obtained at Montana State Prison, Pre-Release, ISP, or in whatever correctional facility or program the defendant may be placed. It is further ordered that during any such time as the defendant may be on parole or probation, he shall comply with each of the conditions as stated in the November 14, 1996 judgment. The Court does not grant the defendant credit for time served on probation because of his continued felonious conduct and abuse of drugs after absconding from supervision.

On February 20, 1997, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence

8

DATED this 4th day of March, 1997.

**Chairman, Hon. Jeffrey M. Sherlock, Member, Hon. Wm. Nels Swandal, Member, Hon. Richard G. Phillips**

**FROM: The District Court of the 21st Judicial District. County of Ravalli.**

On February 20, 1997, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he did not wish to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the application shall be dismissed with prejudice.

Done in open Court this 20th day of February, 1997.

**Chairman, Hon. Jeffrey M. Sherlock, Member, Hon. Wm. Nels Swandal and Member, Hon. Richard G. Phillips.**

